The Honorable Mike Pickens Arkansas Insurance Commissioner 1200 West Third Street Little Rock, AR 72201-1904
Dear Mr. Pickens:
I am writing in response to your request for my approval of a proposed "Interstate Insurance Product Regulation Compact" ("Compact"). You state that you are presenting the Compact pursuant to A.C.A. § 25-20-104, which is part of the Interlocal Cooperation Act (A.C.A. § 25-20-101—108 (Repl. 2002 and Supp. 2003). The document that you have submitted for my review is a draft bill for an act to be entitled "Interstate Insurance Product Regulation Compact." You state that you plan to introduce the bill during the current legislative session.
RESPONSE
It is my opinion that the Interlocal Cooperation Act does not apply in this instance and consequently my approval of the Compact is not required. Nor am I aware of any other provision of law that would require my approval of a Compact such as this, which will be enacted into law by the Arkansas General Assembly to become effective upon enactment by other states.
A general review of the Interlocal Cooperation Act will be helpful in understanding the basis for my determination that the act is inapplicable in this instance. The Act authorizes "agreements" between or among "public agencies" for joint action as follows:
 (a) Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law and jointly with any public agency of any other state of [sic] the United States which has the same powers, privileges, or authority, but only to the extent that laws of the other state or of the United States permit the joint exercise or enjoyment.
 (b) Any two (2) or more public agencies may enter into agreements with one another for joint cooperative action pursuant to the provisions of this chapter. . . .
A.C.A. § 25-20-104 (Repl. 2002) (emphasis added).
The Attorney General's approval of such agreements is required under the act as follows:
 (f)(1) Every agreement made under this section prior to and as a condition precedent to its entry into force shall be submitted to the Attorney General, who shall determine whether the agreement is in proper form and compatible with the laws of this state.
 (2) The Attorney General shall approve any agreement submitted to him or her under this section unless he or she shall find that it does not meet the conditions set forth in this section and shall detail, in writing addressed to the governing bodies of the public agencies concerned, the specific respects in which the proposed agreement fails to meet the requirements of law.
A.C.A. § 25-20-104.
In addition to requiring that "agreements . . . for joint cooperative action" be approved by the Attorney General before they can become effective, the act requires "[a]ppropriate action by ordinance, resolution, or otherwise pursuant to law of the governing bodies of the participating public agencies. . . ." A.C.A. § 25-20-104 (b).
The term "public agency" is defined under the act as any:
(A) School district;
(B) Political subdivision of this state;
(C) Agency of the state government or of the United States;
(D) Political subdivision of another state. . . .
A.C.A. § 25-20-103 (Supp. 2003).
As you can see from these provisions, the Interlocal Cooperation Act applies to "agreements," with the participating parties being "public agencies" of the State of Arkansas, of the United States, or of another state.
Turning to the document that you have submitted, this draft bill proposes to enact a law entitled "Interstate Insurance Product Regulation Compact." Section 1 states:
 Pursuant to the terms and conditions of this Act, the State of Arkansas seeks to join with other States and establish the Interstate Insurance Product Regulation Compact, and thus become a member of the Interstate Insurance Product Regulation Commission.
The remainder of the bill addresses the substance of the Compact, its effectiveness, and its application. Section 13 provides that "[a]ny State is eligible to become a Compacting State[,]" and that "[t]he Compact shall become effective and binding upon legislative enactment of the Compact into law by two Compacting States[.]" A "Compacting State" is defined under Section 2(c) as "any State which has enacted this Compact legislation and which has not withdrawn, or been terminated."
These provisions reflect the fact that there is no agreement between or among public agencies under this bill. Rather, the States proper will be established as "Compacting States" automatically upon enactment of this "Compact legislation." This leads me to conclude that the review procedures under the Interlocal Cooperation Act are simply inapplicable.
I am further reinforced in this conclusion by another provision of the Interlocal Cooperation Act regarding agreements between or among agencies of more than one state. Arkansas Code Annotated § 25-20-105 states:
 (b)(1) In the event that an agreement entered into pursuant to this chapter is between or among one (1) or more public agencies of this state and one (1) or more public agencies of another state or of the United States, the agreement shall have the status of an interstate compact, but in any case or controversy involving performance or interpretation thereof or liability thereunder, the public agencies party thereto shall be real parties in interest.
The Attorney General's role is clear with regard to an "interstate compact" of this nature that arises by virtue of an agreement that is entered between a public agency or agencies of this state and another state pursuant to the Interlocal Cooperation Act. The Compact that would be established under the draft bill that you have submitted is clearly distinguishable, however, from such a compact.
Having concluded that the Interlocal Cooperation Act is inapplicable, I must respectfully decline to undertake a review of this draft bill pursuant to the provisions of that act.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh